AO 91 (Rev. 11/11)  Criminal Complaint

20-004

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>Edward Burgess<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) )  Case No. 20-82-M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 16, 2019__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C Sections 922(g) | Possession of a firearm by a convicted felon |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Dennis Dusak, Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/22/2020

_____
*Judge's signature*

City and state: Philadelphia, Pennsylvania

Lynne A. Sitarski, Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Dennis Dusak, Task Force Officer (TFO), Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, state as follows:

1. I am a Philadelphia Police Detective (PPD) assigned as a TFO with the United States Department of Justice, ATF since December of 2019 and have been employed with the PPD since June of 2003 after I graduated from the PPD Academy. I am assigned to a specialized enforcement group known as the ATF Violent Crimes Task Force, whose primary mission is to investigate individuals and groups engaged in the commission of federal firearms and narcotics laws. Prior to my current assignment, I worked with a specialized unit with East Detective Division investigating shootings and armed robberies. I was promoted to the rank of Detective in August of 2008. As a PPD Detective and TFO, I have conducted several investigations involving violations of state and federal laws.

2. The statements in this affidavit are based on my investigation of this matter and on information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Edward Burgess violated Title 18 U.S.C. 922(g), which criminalizes possession of a firearm by a convicted felon.

3. On the night of June 16, 2019, Pennsylvania State Police officers conducted a liquor control enforcement operation in a business located at 5205 Woodland Avenue in

Philadelphia. The business was operating as a bar and hookah lounge. Three undercover Pennsylvania State Police officers entered the business and purchased drink tickets which they used to obtain alcoholic beverages. They also purchased tobacco products. The business was not licensed to sell either alcohol or tobacco.

4. At approximately 2:30 a.m., undercover officers notified waiting law enforcement officers to enter the premises because they had witnessed illegal alcohol sales. When officers approached Burgess, he removed a .40 caliber black Glock 27 firearm, serial number NFY349, and threw it to the ground. The gun was loaded with 8 live rounds. The undercover Pennsylvania State Police officers were standing directly behind Burgess when he threw the gun, and it struck one of them in the leg before falling to the ground.

5. Philadelphia Police Officers placed Burgess under arrest, recovered the firearm, and placed it on property receipt #3399876.

6. Based on my investigation, I know that Burgess is a convicted felon who is legally prohibited from carrying firearms.

    a. On January 6, 1995, the defendant was arrested in Philadelphia and charged with multiple counts of robbery, aggravated assault, firearms offenses, possessing an instrument of crime (PIC), simple assault, theft, recklessly endangering another person, and conspiracy. After a trial, he was found guilty of robbery, theft, carrying a firearm without a license, PIC, simple assault, recklessly endangering another person, and conspiracy. On May 31, 1995, he was sentenced to 11.5–23 months' incarceration on each count of conviction. (CP-51-CR0110681-1995).

    b. On November 3, 1999, the defendant was arrested for possession of a controlled substance with intent to deliver and possessing a controlled substance. On January 22, 2002, following a trial in which the defendant was found guilty of both charges, he was sentenced to 11.5–23 months' incarceration followed by 3 years of probation. On October 5, 2006, the defendant's probation was revoked and he was sentenced to 3–6 years' incarceration followed by 2 years of probation (CP-51-CR-0208371-2000).

7. Based on this information, I believe that probable cause exists to charge Burgess with illegally possessing a firearm in violation of 18 U.S.C. § 922(g).

## LEGAL AUTHORITY

8. Title 18 U.S.C. § 922(g) prohibits any person from possessing, in or affecting interstate commerce, any firearm or ammunition when that person has been convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year and the person knew the status that made his possession of a firearm unlawful.

*[signature]*
Dennis Dusak, Task Force Officer
Bureau of Alcohol, Tobacco & Firearms

SUBSCRIBED TO AND SWORN TO BEFORE ME
THIS 22 DAY OF JANUARY 2020.

*[signature]*
Honorable Lynne A Sitarski
United States Magistrate Judge
Eastern District of Pennsylvania

4